IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )  )  | |
| v.                            ) | CRIMINAL NO. 06-0042-WS |
|                               ) | |
| MARQUIS QUINCY PRIM,          ) | |
|                               ) | |
| **Defendant.**                ) | |

**ORDER**

In September 2008, the defendant filed a pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).  (Doc. 316).  The defendant therein requested a two-level reduction in his base offense level pursuant to Amendments 706 and 711 to the Sentencing Guidelines relative to crack offenses.  The defendant requested a reduction in his sentence from 235 months (the low end of the original guideline range) to 188 months (the low end of the amended guideline range).  (*Id*. at 2).

The Court agreed that the defendant was entitled to the two-level reduction implemented by those amendments, and the Court exercised its discretion under Section 3582(c)(2) to reduce the defendant's sentence.  The Court in November 2008 entered an order reducing the defendant's sentence to 188 months.  (Doc. 332).  Under the Sentencing Guidelines, this was the lowest amended sentence possible.  *See* U.S.S.G. 1B1.10(b)(2)(A), (B) (Court may not impose an amended sentence below the amended guideline range unless the original sentence was below the original guideline range).

The defendant has now filed a "petition for modification of an imposed term of imprisonment."  (Doc. 335).  It is apparent that the defendant did not receive the Court's November 2008 order granting his motion for reduction of sentence, as the mailing enclosing that order was returned to the Clerk as "not deliverable as addressed," even though the envelope utilizes the same address the defendant used previously and uses in his current petition.  (Doc. 333).  It therefore appears that the defendant believes the Court

has not ruled on his September 2008 motion. To the extent the petition seeks the same relief already requested and granted, it is **denied as moot**.

The petition also suggests the Court should grant a further reduction in sentence, based on recent Supreme Court decisions and the Department of Justice's evolving stance on sentencing in crack cases. In particular, the defendant "hope[s]" the Court will resentence him using a 1:1 crack-powder ratio. (Doc. 335 at 5). The Eleventh Circuit, however, has held that those decisions do not give a court authority to reduce a sentence under Section 3582(c)(2) to a level below that allowed by the Sentencing Guidelines. *United States v. Melvin*, 556 F.3d 1190 (11th Cir. 2009). Because the Sentencing Guidelines prohibit a reduction in this case below the low end of the amended guideline range, and because the defendant has already received this reduction in full, he can obtain no further relief. To the extent the petition seeks an additional reduction in sentence, it is **denied**.

The Clerk is directed to mail both this order and the Court's previous order, (Doc. 332), to the defendant at the address he has provided.

DONE and ORDERED this 22nd day of June, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE