# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **QUINCY MARQUIS PRIM,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **CIVIL ACTION NO. 08-0027-WS** |
| **v.** | ) | |
| | ) | **CRIMINAL ACTION NO. 06-0042-WS** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## ORDER

This matter is before the Court on the petitioner's motion to vacate, filed pursuant to 28 U.S.C. § 2255.  (Doc. 270).  The respondent has filed a response and the petitioner a reply.  (Docs. 280, 286).  The motion to vacate identifies three grounds, all couched as claims of ineffective assistance of trial counsel: (1) counsel advised the petitioner that he would receive a sentence of ten years by pleading guilty, then failed to challenge the government's refusal to seek a § 5K1.1 reduction; (2) counsel failed to challenge the drug quantity used in the pre-sentence investigation report; and (3) counsel filed to file a notice of appeal.  The Court considers the latter challenge first.[1]

A claim of ineffective assistance of counsel requires both objectively unreasonable performance and prejudice to the petitioner from that deficient performance.  *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000).  "We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."  *Id.* at 477.  Moreover, "when counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his

---

[1]A recently filed amendment to the motion to vacate challenges the Court's employment of the 100:1 ratio employed by the Sentencing Guidelines at the time of sentencing.  (Doc. 354).  The petitioner has already received the benefit of Amendment 706 to the Guidelines.  (Doc. 332).

appeal would likely have had merit." *Id*. (internal quotes omitted).  In other words, "[p]rejudice is presumed." *Gomez-Diaz v. United States*, 433 F.3d 788, 790 (11th Cir. 2005).

The same principles apply even when the petitioner, as here, has signed a partial appeal waiver.  "If the evidence establishes ... that Petitioner's attorney acted contrary to his client's wishes, ... prejudice is presumed, and Petitioner is entitled to an out-of-time appeal, regardless of whether he can identify any arguably meritorious grounds for appeal that would fit one of the exceptions contained in his appeal waiver." *Gomez-Diaz*, 433 U.S. at 793.

The respondent first argues that the petitioner fails to allege that he gave counsel specific instructions to appeal.  (Doc. 280 at 14-15).  In fact, however, the petitioner alleges that counsel "failed to appeal sentencing as requested."  (Doc. 270 at 4).  He alleges not only that he "requested" an appeal but that counsel "promised" to do so.  (*Id*. at 6, 10).  The respondent ignores these statements, focusing instead on places where the petitioner alleges he was "lead [sic] to believe" that counsel would appeal.  In context, it is clear the petitioner asserts he was led to believe counsel would appeal precisely because he requested her to do so and she promised that she would.

The respondent also suggests that any issue of fact is negated by counsel's affidavit.  (Doc. 280 at 14-15).  In fact, counsel's affidavit does not address whether the petitioner specifically requested her to appeal, (*id*., Exhibit 1), leaving the petitioner's version (submitted under penalty of perjury, (Doc. 270 at 13)) unrebutted.

Moreover, a failure to follow a request to file an appeal is not the only way in which counsel can render ineffective assistance.  Even if no request to appeal is made, counsel is obligated to consult with her client if there are either non-frivolous grounds for appeal or if the client has "reasonably demonstrated to counsel that he [i]s interested in appealing." *Flores-Ortega*, 528 U.S. at 479.  The Eleventh Circuit has acknowledged that an expression insufficient to constitute a request or direction to appeal may nevertheless

show that the petitioner reasonably demonstrated to counsel an interest in appealing. *Gomez-Diaz*, 433 F.3d at 792.

The respondent does not argue that counsel had no duty to consult. Instead, it argues that counsel fulfilled her obligation to do so. (Doc. 280 at 14-15). This is based on language in counsel's affidavit that "Prim and I discussed the limited right to appeal, pursuant to the plea agreement entered with the Government. I advised him that there were no meritorious issues to argue on appeal. Prim agreed." (*Id*., Exhibit 1 at 2).

Once the duty to consult arises, counsel must "consul[t] with the client regarding the advantages and disadvantages of appealing and ma[k]e a reasonable effort to determine the client's wishes." *Gomez-Diaz*, 433 F.3d at 792. The affidavit indicates that the petitioner agreed with counsel's assessment that he had no meritorious appellate issue, but it does not reflect that she reviewed with him the advantages and disadvantages of appealing. *See, e.g., Devine v. United States*, 520 F.3d 1286, 1288-89 (11th Cir. 2008) (to satisfy the duty of consultation, even in the context of an appeal waiver, counsel must "fully discuss the advantages and disadvantages of taking an appeal," and simply telling the defendant that "any appeal would be futile" does not meet this standard); *accord Flores-Ortega*, 528 U.S. at 478 ("We employ the term 'consult' to convey a specific meaning — advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes."); *Thompson v. United States*, 504 F.3d 1203, 1207 (11th Cir. 2007) ("Simply asserting the view that an appeal would not be successful does not constitute 'consultation' in any meaningful sense.").[2]

All of this analysis was provided the parties by previous order. (Doc. 317). The respondent, which insists that no evidentiary hearing should be convened, (Doc. 280 at

---

[2]When the deficient performance is the failure to satisfy the consultation obligation, prejudice is presumed once the petitioner shows that, but for the failure, he would have appealed. *Gomez-Diaz*, 433 F.3d at 792. The petitioner's motion indicates he is prepared to make such a showing.

-3-

16-17), declined to offer a supplemental affidavit or any other material to address the concerns expressed above.  The petitioner, who was given the opportunity to request an evidentiary hearing, (Doc. 317 at 3-4), declined to do so.  Accordingly, the issue must be decided based on the written materials before the Court.

The evidence before the Court reflects that the petitioner requested counsel to appeal, yet she did not do so.  The evidence before the Court also reflects that the petitioner reasonably demonstrated an interest in appealing, but counsel did not fulfill her resulting duty of consultation.  Under the authorities cited, these circumstances establish ineffective assistance of counsel and entitle the petitioner to a direct appeal.  This is so even though it appears from the parties' briefing that the petitioner has no plausibly viable ground to assert on appeal.

For the reasons set forth above, the motion to vacate is **granted**.  In compliance with *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000), the criminal judgment imposed on January 23, 2007 and entered on February 9, 2007, (Doc. 237), is **vacated**.  Judgment shall be re-entered by separate order in the criminal case for the sole purpose of allowing the petitioner to pursue his otherwise untimely appeal.[3]  The petitioner is advised that he must file any notice of appeal from the re-entered judgment within the 14-day period provided by Federal Rule of Appellate Procedure 4(b)(1)(A)(I). The petitioner is also advised that he has the right to appeal and that, if he cannot afford a lawyer, one will be appointed for him.  Pursuant to 18 U.S.C. § 3006A, the Federal Defender's Organization for the Southern District of Alabama is appointed as counsel for the petitioner for purposes of pursuing the petitioner's direct appeal.[4]

_____

[3]No re-sentencing hearing is required, *United States v. Parrish*, 427 F.3d 1345, 1348 (11th Cir. 2005), and none will be held.

[4]The petitioner's "successful motion to file an out-of-time notice of appeal is not to be counted as a first petition for the purposes of subsequent collateral proceedings." *McIver v. United States*, 307 F.3d 1327, 1332 (11th Cir. 2002).  The Court therefore need not, and does not, reach the other grounds advanced in the petitioner's motion to vacate.

-4-

DONE and ORDERED this 1st day of March, 2010.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE