IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **QUINCY MARQUIS PRIM,** ) | |
|  ) | |
| **Petitioner,** ) | |
|  ) | **CIVIL ACTION NO. 08-0027-WS** |
| v.  ) | |
|  ) | **CRIMINAL ACTION NO. 06-0042-WS** |
| **UNITED STATES OF AMERICA,** ) | |
|  ) | |
| **Respondent.** ) | |

**ORDER**

The petitioner has filed a motion to reconsider, vacate or modify the Court's order on his motion to vacate. (Doc. 359). The petitioner notes that the Court granted relief on the third ground of his motion (that his trial counsel rendered ineffective assistance in failing to file a direct appeal), but did not rule on his first and second grounds. His motion to reconsider requests the Court to do so.

When, as here, a petitioner on motion to vacate obtains relief in the form of an out-of-time appeal, "the best approach is to dismiss without prejudice or hold in abeyance the resolution of remaining collateral claims pending the direct appeal." *McIver v. United States*, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002); *accord United States v. Frank*, 2009 WL 3842755 at *2 (11th Cir. 2009) (the best approach is to dismiss the collateral claims without prejudice).[1]

For the reasons set forth above, the motion to reconsider is **denied**. The petitioner's claims, other than that his counsel rendered ineffective assistance in failing to file a direct appeal, are **dismissed without prejudice**.

---

[1] The petitioner's "successful motion to file an out-of-time notice of appeal is not to be counted as a first petition for the purposes of subsequent collateral proceedings." *McIver*, 307 F.3d at 1332. Therefore, the dismissal without prejudice does not of itself preclude the petitioner from asserting these grounds at a later juncture.

DONE and ORDERED this 8th day of March, 2010.

                                                s/ WILLIAM H. STEELE
                                                UNITED STATES DISTRICT JUDGE